**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
Spirochaete Research Labs LLC,

      Plaintiff,

      v.

Alyvia LLC, and
Yumei Yu,

      Defendants.
-------------------------------------------------------------------------x

Case No. 2:25-cv-05021

# **Memorandum of Law In Support of Defendants ALYVIA LLC and YUMEI YU's Motion to Dismiss**

Oral Argument is not requested.

iLead Law Group, P.C.
Attorneys for Defendants
99 Park Ave., Suite 830
New York, NY 10016
(212) 836-6064
wlou@ileadlaw.com

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ………………………………………………………………… iii

PRELIMINARY STATEMENT …………………………………………………………... 1

BACKGROUND …………………………………………………………………………... 1

LEGAL ARGUMENT …………………………………………………………………….... 1

    I.    Count One of Plaintiff' Complaint "False Advertising Under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)" Must Be Dismissed under FRCP 12(b)(6) ………………………………………………………………………… 3

    II.    Count Two of Plaintiff' Complaint "Infringement of Plaintiff's Trade Dress" Must Be Dismissed under FRCP 12(b)(6) ……………………………………………….. 5

    III.    Counts Three and Four of Plaintiff's Complaint "Deceptive Acts and Practices Under NEW YORK GENERAL BUSINESS LAW § 349" and "False Advertising Under NEW YORK GENERAL BUSINESS LAW § 350" Must Be Dismissed under FRCP 12(b)(6) …………………………………………………………………………... 6

    IV.    Count Five of Plaintiff's Complaint "unjust enrichment under state law" Must Be Dismissed under FRCP 12(b)(6) ……………………………………………… 11

    V.    Count Six of Plaintiff's Complaint "Tortious Interference with Prospective Business Relations" Must Be Dismissed under FRCP 12(b)(6) ……………………………... 12

CONCLUSION ……………………………………………………………………………… 13

## TABLE OF AUTHORITIES

**Cases**.................................................................................................................................... Page(s)

*4 K & D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525 (S.D.N.Y. 2014) …………….. 10

*Ackerman v. Coca-Cola Co.*, No. 09-CV-395, 2010 U.S. Dist. LEXIS 73156, 2010 WL 2925955 (E.D.N.Y. July 21, 2010) …………………………………………………………………….. 9

*Aminov v. DraftKings, Inc.*, No. 24-CV-8472 (MKB), 2025 LX 212062 (E.D.N.Y. July 28, 2025) …………………………………………………………………………………………….. 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) …………………………………………………………….. 2

*Avon Prods. V. S.C. Johnson & Son*, 984 F.Supp. 768 (S.D.N.Y. 1997) ………………………….. 4

*Baker-Rhett v. Aspiro AB*, 324 F. Supp. 3d 407 (S.D.N.Y. 2018) ……………………………... 10

*Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29 (E.D.N.Y. 2015) ……………………………. 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ……………………………………………... 2

*Bustamante v. KIND, LLC*, 100 F.4th 419 (2d Cir. 2024) ……………………………………. 8

*Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492 (2d Cir. 2020) ……………………………. 7

*Cosgrove v. Or. Chai, Inc.*, 520 F. Supp. 3d 562 (S.D.N.Y. 2021) …………………………….. 7

*Craftwood II, Inc. v. Generac Power Sys., Inc.*, 920 F.3d 479 (7th Cir. 2019) ………………….. 3

*Cruz v. FXDirectDealer, LLC*, 720 F.3d 115 (2d Cir. 2013) ……………………………….. 10

*Delgado v. Ocwen Loan Servicing, LLC*, No. 13-CV-4427, 2014 U.S. Dist. LEXIS 135758, 2014 WL 4773991 (E.D.N.Y. Sept. 24, 2014) ………………………………………………………... 8

*Derbaremdiker v. Applebee's Int'l, Inc.*, No. 12-CV-1058, 2012 U.S. Dist. LEXIS 138596, 2012 WL 4482057 (E.D.N.Y. Sept. 26, 2012) ………………………………………………………...… 9

*Dorris v. Danone Waters of Am.*, 711 F. Supp. 3d 179 (S.D.N.Y. 2024), *aff'd.*, No. 24-CV-1575, 2025 U.S. App. LEXIS 6253, 2025 WL 841687 (2d Cir. Mar. 18, 2025) …………………….. 9, 10

*Douglas v. Hirshon*, 63 F.4th 49 (1st Cir. 2023) …………………………………………....…… 2

*Ebomwonyi v. Sea Shipping Line*, No. 20-3344, 2022 WL 274507 (2d Cir. Jan. 31, 2022) ……. 2

*Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233 (2d Cir. 2021) ……………………………….. 7

*Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 942 F.Supp. 209 (S.D.N.Y. 1996) .. 3, 4

*Firestone Fin. Corp. v. Meyer*, 796 F.3d 822 (7th Cir. 2015) …………………………….…….. 2

*Fried v. JP Morgan Chase & Co.*, 850 F.3d 590 (3d Cir. 2017) …………………………...… 3

*Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330 (1999), *aff'd.*, 519 F. App'x 77 (2d Cir. 2013)

*Goel v. Bunge, Ltd.*, 820 F.3d 554 (2d Cir. 2016) …………………………………………. 2

*Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314 (2002) ……………………………... 7, 9, 10

*Herron v. Herron*, 255 F.2d 589 (5th Cir. 1958) ……………………………………………... 3

*Hersh v. Cohen*, 229 A.D.3d 524 (2024) ……………………………………………………. 12

*Hines v. Overstock.com, Inc.*, No. 09-CV-991, 2013 U.S. Dist. LEXIS 117141, 2013 WL 4495667 (E.D.N.Y. Aug. 19, 2013) …………………………………………………………... 9

*Horn v. Med. Marijuana, Inc.*, 383 F. Supp. 3d 114 (W.D.N.Y. 2019), modified on reconsideration, No. 15-CV-701, 2019 U.S. Dist. LEXIS 203290, 2019 WL 11287650 (W.D.N.Y. Nov. 22, 2019) …………………….................................................................... 10

*Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842 (2d Cir. 2021) ……………………….. 2

*Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940 (2012) ……………………………….. 8

*Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274 (S.D.N.Y. 2014) ………………………… 8

*L & F Products v. Procter & Gamble Co.*, 845 F.Supp. 984 (S.D.N.Y. 1994), *aff'd.*, 45 F.3d 709 (2d Cir. 1995) …………………………………………………………………………………. 4

*La Rosa v. Abbott Lab'ys*, No. 22-CV-5435, 2024 U.S. Dist. LEXIS 83228, 2024 WL 2022297 (E.D.N.Y. May 7, 2024) ………………………………………………………………………… 9

*La Rosa v. SPD Swiss Precision Diagnostics GmbH*, No. 24-1575, 2025 U.S. App. LEXIS 6253, 2025 WL 841687 (2d Cir. Mar. 18, 2025) …………………………………………………. 6, 9

*Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373 (2d Cir. 1997) ……………….. 5

*Lax v. Mayorkas*, 20 F.4th 1178 (7th Cir. 2021) ……………………………………………… 2

*Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173 (2011) ……………………………….. 11

*Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018) ……………………………………….. 9

*McVetty v. Tomtom N. Am., Inc*., No. 19-CV-4908, 2021 U.S. Dist. LEXIS 47922, 2021 WL 965239 (S.D.N.Y. Mar. 13, 2021) …………………………………………………………... 10

*Miramontes v. Ralph Lauren Corp*., No. 22-cv-04192 (CM), 2023 U.S. Dist. LEXIS 78991, 2023 WL 3293424 (S.D.N.Y. May 5, 2023) ………………………………………………………… 10

*Mountz v. Glob. Vision Prods., Inc*., 770 N.Y.S.2d 603 (Sup. Ct. 2003) ……………………… 10

*Nora Bevs., Inc. v. Perrier Group of Am., Inc.*, 269 F.3d 114 (2d Cir. 2001) …………………... 5

*Orlander v. Staples, Inc*., 802 F.3d 289 (2d Cir. 2015) …………………………………………. 7, 8

*Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20 (1995) ……………………………………………………………………………………………… 8

*Plavin v. Grp. Health Inc.,* 35 N.Y.3d 1 (2020) …………………………………………….... 8

*Richards v. Mitcheff*, 696 F.3d 635 (7th Cir. 2012) …………………………………………... 3

*Ruderman v. McHenry County*, Case No. 3:22-cv-50115, 2023 WL 130496 (N.D. Ill. Jan. 9, 2023) …………………………………………………………………………………………….. 3

*Sheiner v. Supervalu Inc*., No. 22-CV-10262, 2024 U.S. Dist. LEXIS 96348, 2024 WL 2803030 (S.D.N.Y. May 28, 2024) ………………………………………………………………….. 7

*Spagnola v. Chubb Corp*., 574 F.3d 64 (2d Cir. 2009) ………………………………………….. 7

*Sperry v. Crompton Corp.*, 8 N.Y.3d 204 (2007) ……………………………………………… 11

*Time Warner Cable, Inc. v. DIRECTV, Inc*., No. 06-CV-14245, 2007 U.S. Dist. LEXIS 28209, 2007 WL 1138879 (S.D.N.Y. Apr. 16, 2007) ………………………………………………… 8

*Wonderful Co. LLC v. Nut Cravings Inc.*, No. 23-7540-cv, 2025 U.S. App. LEXIS 1012 (2d Cir. Jan. 16, 2025) ……………………………………………………………………………….… 5

*Yodice v. Tuoro Coll*., No. 21-2986, 2024 U.S. App. LEXIS 17775, 2024 WL 3466546 (2d Cir. July 19, 2024) ……………………………………………………………………………… 7, 8

**Statutes** ............................................................................................................................. **Page(s)**

15 U.S.C. § 1114 …………………………………………………………………………… 5

15 U.S.C. § 1125(a) ……………………………………………………………...………… 5

15 U.S.C. § 1125(a)(1)(B) ……………………………………………………………… 1, 3

NY CLS Gen Bus § 349 ………………………………………………… 1, 6, 7, 8, 9, 10, 11

NY CLS Gen Bus § 350 ………………………………………………… 1, 6, 7, 8, 9, 10, 11


**Rule of evidence or procedure** ........................................................................................ **Page(s)**

FRCP 12(b)(6) ………………………………………………. 1, 2, 3, 4, 5, 6, 11, 12, 13

## Preliminary Statement

Defendants Alyvia LLC and Yumei Yu (collectively "Defendants") by and through undersigned counsel, submit this Memorandum of Law in support of Defendants' Motion to Dismiss under FRCP 12(b)(6).

## Background

Plaintiff Spirochaete Research Labs LLC ("Plaintiff") initiated this instant lawsuit on or about September 8, 2025 by the filing of a Complaint against Defendants alleging six causes of action under False Advertising Under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); Infringement of Plaintiff's Trade Dress; Deceptive Acts and Practices Under NEW YORK GENERAL BUSINESS LAW § 349; False Advertising Under NEW YORK GENERAL BUSINESS LAW § 350; unjust enrichment under state law; and Tortious Interference with Prospective Business Relations.

Plaintiff appears to be a competitor to Defendants and not a consumer of Defendants' products.

Defendants respond to the Complaint by filing this herein Motion to Dismiss under FRCP 12(b)(6) for failure to state a claim.

## Legal Argument

A plaintiff must adequately allege facts sufficient to establish a cognizable cause of action. If a plaintiff fails to do so, a defendant may move to dismiss the action under FRCP 12(b)(6).

The following are insufficient to state a claim: Simple recitals of the elements of a cause of action, conclusory statements (including legal conclusions), alleged facts that only suggest the

possibility of misconduct. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As discussed *infra*, the Plaintiff' allegations against the Defendants are clearly not sufficient and must be dismissed under FRCP 12(b)(6) for failing to adequately allege facts sufficient to establish a cognizable cause of action.

When determining the sufficiency of a plaintiff's claim for Rule 12(b)(6) purposes, "we must accept as true all nonconclusory factual allegations in the complaint and draw all reasonable inferences in the Plaintiff's favor." *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021); see also *Douglas v. Hirshon*, 63 F.4th 49, 52, 55 (1st Cir. 2023); *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825-28 (7th Cir. 2015) (explaining that, in deciding a motion to dismiss, a court must focus on the sufficiency of the factual allegations and not whether they are likely to be true)).

A motion to dismiss for failure to state a claim must be limited to the pleadings. If counsel present matters outside of the pleadings to the court, the court will either exclude the evidence or convert the motion to a motion for summary judgment. FRCP 12(d) and 56; see *Ebomwonyi v. Sea Shipping Line*, No. 20-3344, 2022 WL 274507, at *2 (2d Cir. Jan. 31, 2022); but see *Goel v. Bunge, Ltd.*, 820 F.3d 554, 558, 560 (2d Cir. 2016) (noting that, on a 12(b)(6) motion to dismiss, the court will consider documents attached to the complaint, incorporated by reference in the complaint, or documents on which the complaint "relies heavily in terms and effect") and *Lax v. Mayorkas*, 20 F.4th 1178, 1183 n.1 (7th Cir. 2021) (courts will consider documents that are attached to the motion when they are both referenced in the complaint and central to the plaintiff's claims.)

In certain circumstances, a defendant may raise affirmative defenses in an FRCP 12(b)(6) motion to dismiss. Although courts have held that a court cannot properly dismiss a complaint based on an affirmative defense because it is not necessary for a complaint to anticipate defenses (see *Craftwood II, Inc. v. Generac Power Sys., Inc*., 920 F.3d 479, 482 (7th Cir. 2019); *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012)), if an affirmative defense is clear on the face of the complaint, a defendant typically may move to dismiss for failure to state a claim based on that defense (see *Fried v. JP Morgan Chase & Co*., 850 F.3d 590, 604 (3d Cir. 2017); *Herron v. Herron*, 255 F.2d 589, 593 (5th Cir. 1958); *Ruderman v. McHenry County*, Case No. 3:22-cv-50115, 2023 WL 130496, at *3 (N.D. Ill. Jan 9, 2023).

I. **Count One of Plaintiff's Complaint "False Advertising Under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)" Must Be Dismissed under FRCP 12(b)(6)**

Plaintiff's Complaint at Count One alleges False Advertising Under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). Section 43(a)(1)(B) of the Lanham Act provides in relevant part:

> Any person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any . . . false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities or geographic origin of . . . another person's goods, services or commercial activities, shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

The first requirement of a Lanham Act violation is "commercial advertising or promotion" by a defendant. Lanham Act 'advertising or promotion' usually involves initiating notice to consumers. See *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 942 F.Supp.

3

209, 215 (S.D.N.Y. 1996). Under the relevant legal standard for a Motion to Dismiss pursuant to FRCP 12(b)(6), we accept as true all nonconclusory factual allegations in the Complaint and draw all reasonable inferences in the Plaintiff's favor. Plaintiff's allegations that Defendants have made statements on their Amazon webpage regarding their products, as well as applied language to their physical product containers, should be sufficient to constitute commercial advertising and promotion under this standard.

However, in order to recover damages or obtain equitable relief under the Lanham Act, a plaintiff must also show that either: (1) the challenged advertisement is literally false, or (2) while the advertisement is literally true it is nevertheless likely to mislead or confuse consumers. See *Avon Prods. V. S.C. Johnson & Son*, 984 F.Supp. 768, 796 (S.D.N.Y. 1997). Where an advertising claim "does not refer to tests, a plaintiff may prove the advertisement literally false only by producing evidence that affirmatively shows the claim to be false." See *L & F Products v. Procter & Gamble Co.*, 845 F.Supp. 984, 1000 (S.D.N.Y. 1994), *aff'd.*, 45 F.3d 709 (2d Cir. 1995).

In the instant action, Plaintiff does not allege that Defendants' advertising refers to tests. Plaintiff states that Defendants provided "false information that the[ir] Swabs are reliable, accurate, and more convenient than Plaintiff's product." Plaintiff additionally states that Defendants' products are labeled with an incorrect active ingredient chemical, sodium rhodizonate. However, under the relevant legal standard for a Motion to Dismiss pursuant to FRCP 12(b)(6), conclusory factual allegations alone cannot sustain a cause of action. Plaintiff states that tests by the Plaintiff were done to confirm the active ingredients in Defendants' products but provide no evidence or data to support this claim. Plaintiff's allegations that

4

Defendant's products are not reliable, accurate, or convenient, are similarly unsupported by affirmative evidence. Without such affirmative evidence, Plaintiff fails to establish its requirements to obtain relief under the Lanham Act.

As such, Count One of the Plaintiff's Complaint must be dismissed as to the Defendants under FRCP 12(b)(6) for failing to adequately allege facts sufficient to establish a cognizable cause of action.

## II. Count Two of Plaintiff's Complaint "Infringement of Plaintiff's Trade Dress" Must Be Dismissed under FRCP 12(b)(6)

Plaintiff's Complaint at Count Two alleges Infringement of Plaintiff's Trade Dress. Section 32 of the Lanham Act, 15 U.S.C. § 1114, governs infringement of a registered trade dress, and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), governs infringement of an unregistered trade dress.

The Lanham Act protects against infringement of a product's trade dress, which "encompasses the overall design and appearance that make the product identifiable to consumers." See *Nora Bevs., Inc. v. Perrier Group of Am., Inc.*, 269 F.3d 114, 118 (2d Cir. 2001). To state a claim of trade dress infringement, a plaintiff must precisely articulate "the character and scope of the claimed trade dress." See *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997). A trade-dress holder must allege (1) that its trade dress is distinctive, either inherently or by having acquired secondary meaning in the public mind, in the sense of identifying the product's source, and (2) that the alleged infringer's trade dress is likely to confuse consumers as to its sources or sponsorship. See *Wonderful Co. LLC v. Nut Cravings Inc.*, No. 23-7540-cv, 2025 U.S. App. LEXIS 1012, at *3 (2d Cir. Jan. 16, 2025).

Under these standards, Plaintiff has failed to allege in its Complaint that its trade dress is distinctive, either inherently or by having acquired secondary meaning in the public mind with regards to the product's source. Plaintiff alleges that the "visual appearance of Plaintiff's trade dress distinguishes it and signifies to consumers that Plaintiff is the source of the kits" and that "plaintiff's trade dress provides an overall look and feel." These statements are both vague and conclusory, and fail to establish how Plaintiff's trade dress has become distinctive to the public.

As such, Count Two of the Plaintiff's Complaint must be dismissed as to the Defendants under FRCP 12(b)(6) for failing to adequately allege facts sufficient to establish a cognizable cause of action.

**III.  Counts Three and Four of Plaintiff's Complaint "Deceptive Acts and Practices Under NEW YORK GENERAL BUSINESS LAW § 349" and "False Advertising Under NEW YORK GENERAL BUSINESS LAW § 350" Must Be Dismissed under FRCP 12(b)(6)**

Plaintiff's Complaint at Count Three alleges Deceptive Acts and Practices Under NEW YORK GENERAL BUSINESS LAW § 349. GBL § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349; *La Rosa v. SPD Swiss Precision Diagnostics GmbH*, No. 24-1575, 2025 U.S. App. LEXIS 6253, 2025 WL 841687, at *1 (2d Cir. Mar. 18, 2025) (quoting N.Y. Gen. Bus. Law § 349).

Plaintiff's Complaint at Count Four alleges False Advertising Under NEW YORK GENERAL BUSINESS LAW § 350. GBL § 350 prohibits "[f]alse advertising in the conduct of

any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 350.

A recent decision within this Court is instructive on the standards that need to be met for pleading causes of action under GBL § 349 and GBL § 350 in *Aminov v. DraftKings, Inc.*, No. 24-CV-8472 (MKB), 2025 LX 212062 (E.D.N.Y. July 28, 2025).

"Section 350 of the GBL prohibits '[f]alse advertising in the conduct of any business, trade or commerce,' and is analyzed under the same reasonable consumer standard as Section 349." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (alterations in original) (citation omitted); see also *Sheiner v. Supervalu Inc.*, No. 22-CV-10262, 2024 U.S. Dist. LEXIS 96348, 2024 WL 2803030, at *2 (S.D.N.Y. May 28, 2024) ("[Section 350 of the GBL . . . is analyzed under the same 'reasonable consumer' standard as [section] 349"); *Cosgrove v. Or. Chai, Inc.*, 520 F. Supp. 3d 562, 575 (S.D.N.Y. 2021) ("'The standard for recovery under . . . § 350, while specific to false advertising, is otherwise identical to [§] 349,' and therefore the [c]ourt will merge its analysis of the two claims" (quoting *Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324 n.1 (2002))).

To assert a claim under either section, "a plaintiff must allege: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured [*11] as a result." *Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233, 258 (2d Cir. 2021) (quoting *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009)); see also *Yodice v. Tuoro Coll.*, No. 21-2986, 2024 U.S. App. LEXIS 17775, 2024 WL 3466546, at *2 (2d Cir. July 19, 2024) (similar); *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) ("To successfully assert a claim under either section, 'a plaintiff must allege that a defendant has engaged in (1)

7

consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" (quoting *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012))); *Plavin v. Grp. Health Inc.,* 35 N.Y.3d 1, 10 (2020) ("We have explained that, to state a claim under sections 349 or 350, 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) [the] plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" (quoting *Koch*, 18 N.Y.3d at 941)). GBL §§ 349 and 350 are "'directed at wrongs against the consuming public' and are designed to 'protect people from consumer frauds.'" *Yodice*, 2024 U.S. App. LEXIS 17775, 2024 WL 3466546, at *2 (quoting *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank*, N.A., 85 N.Y.2d 20, 24-25 (1995)).

Under New York law, a deceptive act is one that is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Bustamante v. KIND, LLC*, 100 F.4th 419, 426 (2d Cir. 2024) (citations omitted and emphasis added); *Orlander*, 802 F.3d at 300 (citation omitted and emphasis added); *Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29, 53 (E.D.N.Y. 2015) ("Courts view each allegedly misleading statement in light of its context on the product label or advertisement as a whole. The entire mosaic is viewed rather than each tile separately." (internal quotation marks [*12] omitted) (first quoting *Delgado v. Ocwen Loan Servicing, LLC*, No. 13-CV-4427, 2014 U.S. Dist. LEXIS 135758, 2014 WL 4773991, at *8 (E.D.N.Y. Sept. 24, 2014); and then quoting *Time Warner Cable, Inc. v. DIRECTV, Inc.*, No. 06-CV-14245, 2007 U.S. Dist. LEXIS 28209, 2007 WL 1138879, at *4 (S.D.N.Y. Apr. 16, 2007))); *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 288 (S.D.N.Y. 2014) ("[I]n resolving the reasonable consumer inquiry, one must consider the entire context of the label." (alteration in original)

8

(citation and internal quotation marks omitted)); *Ackerman v. Coca-Cola Co.*, No. 09-CV-395, 2010 U.S. Dist. LEXIS 73156, 2010 WL 2925955, at *15 (E.D.N.Y. July 21, 2010) (conducting the reasonable consumer analysis by "[v]iewing each allegedly misleading statement in light of its context on the label and in connection with the marketing of [the product] as a whole"); see *La Rosa*, 2025 U.S. App. LEXIS 6253, 2025 WL 841687, at *1 ("[I]n order to survive a motion to dismiss, 'a plaintiff must plausibly allege that the deceptive conduct was likely to mislead a reasonable consumer acting reasonably under the circumstances.'" (quoting *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018))); see also *Derbaremdiker v. Applebee's Int'l, Inc.*, No. 12-CV-1058, 2012 U.S. Dist. LEXIS 138596, 2012 WL 4482057, at n.8 (E.D.N.Y. Sept. 26, 2012) ("The standard established by the New York Court of Appeals for determining whether conduct is materially misleading is that of a reasonable consumer, which means defendant's liability under Section 349 does not hinge on what this specific plaintiff did or did not review before entering the [s]weepstakes." (citing *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 344 (1999))), aff'd, 519 F. App'x 77 (2d Cir. 2013); see also *Hines v. Overstock.com, Inc.*, No. 09-CV-991, 2013 U.S. Dist. LEXIS 117141, 2013 WL 4495667, at *10 (E.D.N.Y. Aug. 19, 2013) (quoting *Gaidon*, 94 N.Y.2d at 344)).

Further, there is a "territorial" element to claims under GBL §§ 349 and 350. The New York Court of Appeals has interpreted the limiting phrase "in this state" to require that "the transaction in which the consumer is deceived must occur in New York." *Goshen*, 98 N.Y.2d at 324; see *La Rosa v. Abbott Lab'ys*, No. 22-CV-5435, 2024 U.S. Dist. LEXIS 83228, 2024 WL 2022297, at n.7 (E.D.N.Y. May 7, 2024) (quoting *Dorris v. Danone Waters of Am.*, 711 F. Supp. 3d 179, 187 (S.D.N.Y. 2024)), aff'd, No. 24-CV-1575, 2025 U.S. App. LEXIS 6253, 2025 WL

9

841687 (2d Cir. Mar. 18, 2025); *Dorris*, 711 F. Supp. 3d at 187 ("The territoriality requirement 'must be pleaded in order for a claim brought under [Sections 349 and 350] to survive.'" (alterations in original) (quoting *Miramontes v. Ralph Lauren Corp.*, 2023 U.S. Dist. LEXIS 78991, 2023 WL 3293424, at *4 (S.D.N.Y. May 5, 2023))); *McVetty v. Tomtom N. Am., Inc.*, No. 19-CV-4908, 2021 U.S. Dist. LEXIS 47922, 2021 WL 965239, at *3 (S.D.N.Y. Mar. 13, 2021); *Horn v. Med. Marijuana, Inc.*, 383 F. Supp. 3d 114, 128 (W.D.N.Y. 2019) ("Sections 349 and 350 are not intended to regulate New York businesses or protect New York residents solely on the basis of their residency; they are intended to police consumer transactions that 'take place in New York State,' regardless of the residency of the parties." (quoting *Goshen*, 98 N.Y.2d at 325)), modified on reconsideration, No. 15-CV-701, 2019 U.S. Dist. LEXIS 203290, 2019 WL 11287650 (W.D.N.Y. Nov. 22, 2019); *Baker-Rhett v. Aspiro AB*, 324 F. Supp. 3d 407, 416 (S.D.N.Y. 2018) (dismissing claims arising under GBL §§ 349 and 350 because there were no allegations that the alleged deceptive transaction involving plaintiff occurred in New York); see also *4 K & D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525, 547 (S.D.N.Y. 2014) [*15] ("Sections 349 and 350 contain a 'territoriality' requirement: to state a claim under either provision, the deception of consumers must occur in New York." (citing *Goshen*, 98 N.Y.2d at 325)); *Goshen*, 98 N.Y.2d at 325 ("[T]o qualify as a prohibited act under the statute, the deception of a consumer must occur in New York."); see also *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 124 (2d Cir. 2013) (recognizing that a plaintiff stated a claim under GBL §§ 349 and 350 if "some part of the underlying transaction . . . occur[ed] in New York" (alterations in original) (quoting *Mountz v. Glob. Vision Prods., Inc.*, 770 N.Y.S.2d 603, 608 (Sup. Ct. 2003)).

Plaintiff's Complaint clearly fails to meet the territorial requirements of GBL § 349 and GBL § 350 by failing to adequately plead that Defendants' products are being sold and consumed within the State of New York. Plaintiff cannot identify any individual consumers in New York who were harmed by the alleged misrepresentations.

Further, Plaintiff's Complaint focuses on harm to the Plaintiff and not harm to the consuming public within the State of New York.

As such, Counts Three and Four of the Plaintiff's Complaint must be dismissed as to the Defendants under FRCP 12(b)(6) for failing to adequately allege facts sufficient to establish a cognizable cause of action.

## IV.     Count Five of Plaintiff's Complaint "unjust enrichment under state law" Must Be Dismissed under FRCP 12(b)(6)

Plaintiff's Complaint at Count Five alleges unjust enrichment under state law. The elements of an action under this cause of action are "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." See *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011).

Beyond these elements, New York courts have further held that a plaintiff cannot succeed on an unjust enrichment claim unless it has a sufficiently close relationship with the other party. See *Sperry v. Crompton Corp.*, 8 N.Y.3d 204 (2007). The Court in *Mandarin* dismissed the plaintiff's unjust enrichment claim due to "the lack of allegations [in the complaint] that would indicate a relationship between the parties, or at last an awareness by [the defendant] of [the plaintiff's] existence." See *Mandarin*, 16 N.Y.3d at 182.

11

Nowhere in Plaintiff's Complaint do they allege that the Defendants had knowledge of the Plaintiff's existence, or that they had a relationship with the Plaintiff. Plaintiff acknowledges that Defendants are commercial competitors but does not allege whatsoever that Defendants knew or should have known of Plaintiff's existence.

As such, Count Five of the Plaintiff's Complaint must be dismissed as to the Defendants under FRCP 12(b)(6) for failing to adequately allege facts sufficient to establish a cognizable cause of action.

### V.     Count Six of Plaintiff's Complaint "Tortious Interference with Prospective Business Relations" Must Be Dismissed under FRCP 12(b)(6)

Plaintiff's Complaint at Count Six alleges Tortious Interference with Prospective Business Relations. A plaintiff seeking damages for tortious interference with prospective business relations must allege "(1) that it had a [prospective] business relationship with a third party; (2) that the defendant knew of that [prospective] relationship and intentionally interfered with it; (3) that the defendant acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort; and (4) that the defendant's interference caused injury to the [prospective] relationship with the third party." See *Hersh v. Cohen*, 229 A.D.3d 524, 526 (2024).

As stated previously, nowhere in Plaintiff's Complaint do they allege that the Defendants had knowledge of the Plaintiff's existence, or that they had a relationship with the Plaintiff. Plaintiff acknowledges that Defendants are commercial competitors but do not allege whatsoever that Defendants knew or should have known of Plaintiff's existence. Without setting forth allegations that Defendants knew or should have known of Plaintiff's existence, Plaintiff has

12

failed to prove that the Defendants knew of a prospective business relationship and intentionally interfered with it.

As such, Count Six of the Plaintiff's Complaint must be dismissed as to the Defendants under FRCP 12(b)(6) for failing to adequately allege facts sufficient to establish a cognizable cause of action.

## Conclusion

Based on the foregoing, Defendants request that their Motion to Dismiss the Plaintiff's Complaint as to the Defendants be granted.

Dated: October 7, 2025

/s/ William Lou
William Lou, Esq.
iLead Law Group, P.C.
Attorneys for the Defendants
99 Park Ave., Suite 830
New York, NY 10016
(212) 836-6064
wlou@ileadlaw.com