UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Spirochaete Research Labs LLC,

                        Plaintiff,                                   **Rule 26(f) Report**
      -against-                                                       2:25-cv-05021 (GRB-ARL)

Alyvia LLC, Meiyu Yu,

                        Defendants.
-----------------------------------------------------------------X

      Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held by telephone on November 24, 2025 and was attended by William Mark Mullineaux, counsel for plaintiff and William Lou, counsel for defendants. Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1.     <u>INITIAL DISCLOSURES</u>
       Have the parties agreed to make initial disclosures? Yes

       If yes, such initial disclosures shall be made by <u>December 15, 2025.</u>      .

2.     <u>VENUE AND JURISDICTION</u>

    a.    What is the claimed basis of federal jurisdiction? Federal Question

If the alleged subject matter jurisdiction is based upon diversity of citizenship each party shall identify its citizenship and domicile at the time the matter was filed in or removed to federal court, and its current citizenship and domicile.

 Are there any contested issues related to venue or jurisdiction? No.

   If yes, describe the issue:
   If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by (N/A).

3.     <u>PARTIES AND PLEADINGS</u>
    a.    The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by N/A. After this date, no further amendments will be permitted.

    b.    If the case is a class action, the parties agree that the motion for class certification shall be filed by _N/A__

4. <u>MOTIONS</u>
Are there any pending motion(s)? No

If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:

5. <u>ISSUES</u>
Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand (an attachment may be provided to complete this section):

This action involves claims for false advertising, (b) trade dress infringement, and (c) deceptive acts and false advertising under N.Y. Gen. Bus. Law §§349–350. Plaintiff alleges that Defendant falsely labeled its "AA Wipes" product as containing sodium rhodizonate, later concealed that labeling, and sold a chemically different product that cannot function as advertised. Plaintiff also alleges that Defendant adopted packaging confusingly similar to Plaintiff's established trade dress.

Defendants deny liability and state that Defendant's packaging is not confusingly similar to Plaintiff's packaging, Defendants sell many different products including products that contain sodium rhodizonate and products that contain chemicals that serve similar purposes as sodium rhodizonate, and any mislabeling that may have existed was unintentional.

There is a jury demand.

6. <u>DISCOVERY PROCEDURES</u>
   a. The parties agree that all discovery, inclusive of expert discovery, shall be completed by May 1, 2026. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period, allowing for a timely response. If, after having met and conferred, the parties are unable to reach an agreement on any matter related to discovery, they may seek the Court's assistance by letter motion pursuant to Local Rule 37.3 and in accordance with Judge Lindsay's Individual Rules.
   b. Do the parties anticipate the production of ESI? Yes

   c. If yes, describe the protocol for such production:

The parties agree to exchange ESI in searchable PDF, native, or TIFF formats with metadata preserved where available. Emails and electronic documents will be produced in searchable form. The parties will confer in good faith regarding ESI search terms and any disputes. The parties will supplement that protocol by entering into a STIPULATION AND ORDER REGARDING THE FORMAT OF ELECTRONICALLY STORED INFORMATION AND DOCUMENT PRODUCTION, as suggested by the Court.

    d. Do the parties intend to seek a confidentiality order? Yes

    If yes, such order or agreement shall be filed with the Court by December 15, 2025.

7. <u>EXPERT TESTIMONY</u>
   a. Primary expert reports must be produced by April 1, 2026.
   b. Rebuttal expert reports must be produced by April 21, 2026.

   The schedule for expert discovery must be set in such a way to be completed before the discovery end date set for in paragraph 6(a). Absent a court order, this includes the time needed to complete expert depositions.

8. <u>DISPOSITIVE MOTIONS</u>
   Any party planning on making a dispositive motion must take the first step in the motion process by May 14, 2026. It is expected that dispositive motion practice will commence approximately two weeks following the close of discovery.

9. <u>SETTLEMENT</u>

   Settlement discussions have not taken place.

   Counsel for the parties have discussed an informal exchange of information in aid of early settlement in this case and have agreed upon the following: Counsel will confer after Initial Disclosures made on December 15, 2025.

   No later than one week after the close of discovery, counsel for all parties must meet to discuss settlement and file a joint letter updating the Court on the status of the case, including but not limited to confirming that the settlement discussion occurred.

   The parties agree to make a good faith effort to settle this case. The parties understand that this case may be referred to an attorney mediator for a settlement conference. The use of any alternative dispute resolution mechanism does not stay or modify any date set forth in the scheduling order.

   In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference.

10. <u>RULE 16 PRETRIAL CONFERENCE</u>
    Upon receipt of this Form the court will schedule a Rule 16 conference by telephone.

11. <u>CONSENT TO MAGISTRATE JUDGE</u>
    Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)? N

12. <u>OTHER MATTERS</u>
    Indicate any other matters for the Court's consideration. Plaintiff will request physical samples of Defendant's product for independent testing.

13. Once approved any request for modification of this scheduling order must be in writing, and submitted in accordance with the undersigned's Individual Rule I which requires that applications be made at least forty-eight hours before the scheduled appearance or deadline.

All parties are advised that they are under a continuing obligation to keep the Court apprised of any changes in their contact information including, but not limited to, their addresses. Failure to do so could lead to the entry of a dismissal or default.

Dated: November 24, 2025

**SALMON RICCHEZZA SINGER & TURCHI LLP**

BY: */s/WMMullineaux*
William Mark Mullineaux, Esquire
110 East 59th Street, 22nd Floor
New York. NY 10022
Tel: 610-291-3850 (cell)
Email: mmullineaux@srstlaw.com
Attorneys for Plaintiff

**iLead Law Group, P.C.**

BY: /s/ William Lou
William Lou, Esq.
99 Park Ave., Suite 830
New York, NY 10016
Tel: (212) 836-6064
Email: wlou@ileadlaw.com
Attorneys for Defendants